**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROBINSON ALEXIS PEREZ CORTES,

*Petitioner*,

v.

WARDEN, DELANEY HALL DETENTION FACILITY,

*Respondent*.

Civil Action No. 26-08355

**MEMORANDUM ORDER**

August 5, 2026

**THIS MATTER** comes before the Court upon Petitioner's Letter Motion for Reconsideration. (ECF Nos. 14, 15.) Petitioner seeks reconsideration of the Court's July 20, 2026 Text Order (ECF No. 13), in which the Court concluded that Petitioner is entitled to an individualized bond hearing before an Immigration Judge. Petitioner additionally requests that the Court order his immediate release or conduct the bond hearing itself.

Since filing the Motion, Petitioner has submitted an additional letter advising the Court that an Immigration Judge convened proceedings on July 27 and July 29, 2026, but that he was unable to meaningfully present his request for release because his legal papers and supporting documentation had been lost during his transfer between detention facilities, he lacked a practical means of submitting evidence to the Immigration Court, and he remained without counsel. (ECF No. 16.) Petitioner represents that, after discussing those circumstances, the Immigration Judge instructed him to withdraw his bond request and refile once he was able to assemble and submit supporting documentation. (*Id.* at 2.) Respondents, in turn, advise that Petitioner received a bond

hearing on July 27, requested an adjournment, and thereafter voluntarily withdrew his bond request on July 29. (ECF No. 17.) Respondents therefore request that the Court close this matter. (*See id.*)

A motion for reconsideration is an extraordinary remedy that should be granted sparingly. Under Local Civil Rule 7.1(i), the moving party must demonstrate: (1) an intervening change in controlling law; (2) the availability of new evidence that was unavailable when the Court issued its prior decision; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Petitioner has not satisfied that standard. The Court continues to conclude that the appropriate remedy for Petitioner's detention is an individualized bond hearing before an Immigration Judge rather than immediate release by this Court or a bond determination conducted in the first instance by this Court.

The parties' recent submissions, however, raise a separate question regarding whether the proceedings conducted before the Immigration Judge afforded Petitioner the meaningful opportunity to be heard contemplated by the Court's July 20, 2026 Text Order. Procedural due process requires that a detainee receive notice and a meaningful opportunity to present evidence and argument before an impartial decisionmaker. *Mathews v. Eldridge*, 424 U.S. 319, 333, 348 (1976). Likewise, the Third Circuit has recognized that the constitutionally required custody determination must provide a meaningful opportunity to challenge continued detention. *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020).

According to Petitioner's unrebutted account, the Immigration Judge did not adjudicate the merits of his custody request because Petitioner lacked access to his legal materials and supporting evidence and was unable to submit documentary evidence to the court. Instead, Petitioner

withdrew his request with the understanding that he could renew it after obtaining his materials and preparing an adequate submission. If so, the Court cannot conclude on the present record that the July 29, 2026 proceeding constituted the meaningful individualized bond hearing contemplated by the Court's prior Order.

Accordingly, although reconsideration remains unwarranted, Respondents' request to terminate this matter is premature. The Court will require Respondents to advise whether Petitioner's legal materials have been restored or otherwise made available to him, whether he has been afforded a reasonable opportunity to prepare and submit documentary evidence in support of his custody request, and when a new individualized bond hearing will occur. The Court will retain jurisdiction to ensure compliance with its July 20, 2026 Text Order and will consider whether additional habeas relief, including release, is appropriate should the record ultimately demonstrate that Petitioner has not been afforded a constitutionally adequate bond hearing despite the Court's prior Order.

**IT IS** therefore on this 5th day of August, 2026,

**ORDERED** that Petitioner's Motion for Reconsideration (ECF Nos. 14, 15) is **DENIED**; and it is further

**ORDERED** that Respondents' request to close this matter (ECF No. 17) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, within three business (3) days, Respondents shall file a letter advising the Court: (1) whether Petitioner's legal materials and personal property have been returned or otherwise made available to him; (2) what steps have been taken to ensure that Petitioner can submit documentary evidence in support of his bond application; and (3) whether a new individualized bond hearing has been scheduled and, if so, the date of that hearing; and it is further

**ORDERED** that the Court retains jurisdiction to enforce its July 20, 2026 Text Order and to consider whether additional habeas relief is warranted if Petitioner is not afforded a meaningful individualized bond hearing consistent with due process; and it is further

**ORDERED** that Petitioner shall remain within the District of New Jersey during the pendency of this matter.

**Hon. Karen M. Williams**
**United States District Judge**